IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IRWIN HICKS, JR,

     Plaintiff,

v.                                      CASE NO. 4:18-cv-379-RH-GRJ

JULIE L. JONES, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner under 28 U.S.C. § 1915(h) presently held at the Liberty Correctional Institution (LCI), initiated this case by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983. For the reasons discussed below, Plaintiff's complaint is deficient and dismissal is proper.

As a preliminary matter, the complaint is deficient in that Plaintiff has failed to disclose and truthfully describe previous lawsuits. A cursory initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A reveals that Plaintiff executed the civil rights complaint form under penalty of perjury. ECF No. 1 at 7. The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4. Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this

1

action," or "that relate to the fact or manner of [their] incarceration (including habeas corpus petitions) or the conditions of [their] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id.* Further, prisoners must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*

In response, Plaintiff identified one state court case involving the same or similar facts. But a review of the Court's PACER Case Locator reflects that Plaintiff has filed multiple other actions in federal district court relating to the fact or manner of his incarceration and the conditions of his confinement, and was twice barred from filing a civil rights action in the Southern District of Florida due to three or more previous filings which were found to be frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Hicks v. Stone*, No. 5:97-cv-64, ECF No. 6 (M.D. Fla. March 7, 1997) (dismissing civil rights action as frivolous); *Hicks v. Lake Cty., Fla.*, No. 5:97-cv-40, ECF No. 7 (M.D. Fla. April 9, 1997) (dismissing civil rights complaint without prejudice); *Hicks v. Lake Cty. Sheriff*, No. 5:97-cv-114, ECF No. 5 (M.D. Fla. April 17, 1997) (dismissing civil rights complaint without prejudice); *Hicks v. Dade Cty., Fla.*, No. 1:99-

cv-1099, ECF No. 9 (S.D. Fla. May 13, 1999) (dismissing as frivolous civil rights action alleging violation of Hicks' right to a speedy trial); *Hicks v. Dade Cty., Fla.*, No. 1:03-cv-20404, ECF No. 7 (S.D. Fla. Mar. 26, 2003) (dismissing civil rights complaint due to three or more previous filings which have been found to be frivolous, malicious, or having failed to state a claim); *Hicks v. Fla.*, No. 1:03-cv-20401, ECF No. 7 (S.D. Fla. Mar. 31, 2003) (dismissing civil rights complaint due to three or more previous filings which have been found to be frivolous, malicious, or having failed to state a claim); *Hicks v. Fla.*, No. 4:16-cv-416, ECF No. 11 (N.D. Fla. November 7, 2016) (dismissing civil rights complaint for failure to state a claim); *Hicks v. Okaloosa Corr. Inst.*, No. 1:01-cv-4500, ECF No. 6 (S.D. Fla. Nov. 30, 2001) (dismissing petition for habeas corpus relief as duplicative); *Hicks v. Okaloosa Corr. Inst.*, No. 1:01-cv-4322, ECF No. 17 (S.D. Fla. April 3, 2002) (dismissing petition for habeas corpus relief for failure to exhaust state remedies); *Hicks v. Dep't of Corr.*, No. 1:04-cv-21443, ECF No. 32 (S.D. Fla. April 20, 2005) (dismissing petition for habeas corpus relief as time-barred); *Hicks v. Fla.*, No. 1:05-cv-20533, ECF No. 5 (S.D. Fla. July 12, 2005) (dismissing petition for habeas corpus relief as duplicative); *Hicks v. McNeil*, No. 1:08-cv-23356, ECF No. 4 (S.D. Fla. Dec. 8, 2008) (dismissing petition for habeas corpus relief as successive); *Hicks v. Sec'y,*

3

*Dep't of Corr.*, No. 5:15-cv-106, ECF No. 24 (N.D. Fla. Oct. 13, 2015) (dismissing without prejudice petition for habeas corpus relief). At present, Plaintiff has two additional cases pending in the Middle district of Florida, which he also failed to disclose. One of the cases, *Hicks v. Jones*, No. 5:18-cv-419-WTH-PRL, was delivered to prison officials for filing on August 7, 2018, the same day this case was delivered to prison officials for filing. The other case is a habeas case. *Hicks v. Sec'y, Dep't of Corr.*, No. 5:17-cv-117-WTH-GRJ. There is no excuse why Plaintiff did not disclose these cases. Plaintiff is a serial filer of lawsuits in federal district court, none of which he disclosed in his form civil rights Complaint.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

Circuit held that the district court had the discretion to conclude that the

plaintiff's explanation did not excuse his misrepresentation because the

complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . .

. ." *Id.* The Eleventh Circuit determined that dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in
> bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.
> 1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's

"three strikes" provision, the information required on the form assists the

Court in efficiently managing prisoner litigation by showing whether a

complaint is related to or is affected by another case. The failure to

exercise candor in completing the form, while acknowledging that the

answers are made under penalty of perjury, impedes the Court in

managing its caseload and merits the sanction of dismissal. *See Redmon*,

2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for

his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's complaint is further deficient in that he has neither paid the requisite $400.00 filing fee nor submitted an application to proceed *in forma pauperis*. The Court will not require Plaintiff to correct these deficiencies, however, because this case is due to be dismissed pursuant to the three-strikes bar under 28 U.S.C. § 1915(g). Under § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury."

On two occasions, a district court in the Southern District of Florida barred Plaintiff from proceeding *in forma pauperis* under § 1915(g)'s "three-strikes rule." *See Hicks v. Dade Cty., Fla.*, No. 1:03-cv-20404, ECF No. 7 (S.D. Fla. Mar. 26, 2003); *Hicks v. Fla.*, No. 1:03-cv-20401, ECF No. 7 (S.D. Fla. Mar. 31, 2003). In those cases, the court cited the following prior dismissals as strikes in support of the § 1915(g) dismissal:

1. *Hicks v. Lake Cty.*, 5:97-cv-40 (M.D. Fla. April 9, 1997) (dismissed, *Heck v. Humphrey*, 512 U.S. 477, 481 (1994));

2. *Hicks v. Stone*, 5:97-cv-64 (M.D. Fla. Mar. 7, 1997) (dismissed as frivolous); and,

3. *Hicks v. Dade Cty.*, 1:99-cv-1099 (S.D. Fla. May 13, 1997) (dismissed as frivolous).

*See Hicks v. Fla.*, No. 1:03-cv-20404 at 1; *Hicks v. Dade Cty., Fla.*, No. 1:03-cv-20401 at 1. After that case was dismissed Plaintiff incurred another qualifying dismissal in *Hicks v. Fla.*, No. 4:16-cv-416-WS-CAS. In that case, the district court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted. The court held that Plaintiff's claims were not cognizable in a § 1983 action and barred by *Heck*. Plaintiff is

7

therefore subject to the three-strikes bar of § 1915(g) because he has had

three or more prior civil actions or appeals dismissed on the grounds that

they were frivolous, malicious, or failed to state a claim upon which relief

may be granted and is barred from proceeding as a pauper in this action

unless he is under "imminent danger of serious physical injury."

The relevant inquiry is "whether [the] complaint, as a whole, alleges

imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d

1344, 1350 (11th Cir. 2004). General allegations that are not grounded in

specific facts which indicate that serious physical injury is imminent are not

sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319

F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct

evidencing the likelihood of imminent serious physical injury." *Id.* Vague

allegations of harm and unspecific references to injury are insufficient.

*White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a

prisoner that he faced a past imminent danger is insufficient to allow him to

proceed *in forma pauperis* pursuant to the imminent danger exception.

*Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the

exception is not triggered where threat of assault by other prisoners ceased

to exist when plaintiff was placed in administrative confinement prior to

filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff alleges he was injured when the table he was sitting on in the dining hall at LCI broke, and he landed on the floor. He further alleges prison staff neither filed an incident report nor brought him to medical for evaluation following the incident. Liberally construed, Plaintiff has alleged no facts suggesting that he faces any imminent danger stemming from his present conditions of confinement. Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar

under 28 U.S.C § 1915(g) and for abuse of the judicial process.

     **IN CHAMBERS** this 17th day of August 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

     **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**